**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 4:23-CV-4521 |
| | § | |
| ALTERA EAST HOUSTON, LLC and | § | |
| AURUM PROPERTY PARTNERS, LLC | § | |
| | § | |
| | § | |
| Defendants. | § | |

<u>**DEFENDANT ALTERA EAST HOUSTON, LLC'S ANSWER TO**</u>
<u>**FEDERAL INSURANCE COMPANY'S COMPLAINT**</u>
<u>**FOR DECLARATORY JUDGMENT**</u>

Defendant Altera East Houston, LLC ("Altera") files this Answer to Plaintiff Federal Insurance Company's ("Federal's") Complaint for Declaratory Judgment (Doc. No. 1) (the "Complaint") and would respectfully show the Court as follows:

## I.     ANSWER

1.     Altera admits that this is an insurance coverage action seeking declaratory relief. Altera admits that Federal is seeking a declaration relating to the two policies named in the Complaint—Policy No. 3607-26-62DAL (the "Primary Policy") and Policy No. 7819-23-50 (the "Umbrella Policy") (collectively the "Policies").  Except as expressly admitted, Altera denies the allegations in Paragraph 1 and denies that Altera is entitled to any of the declaratory or other relief sought in the Complaint.

2.     Altera admits that a dispute exists between Altera and Federal regarding Federal's obligation to defend Altera under the Policies in connection with an underlying lawsuit, Cause No.

2022-68700, in the 127th Judicial District Court of Harris County, Texas (the "Underlying Lawsuit"). Altera asserts that the pleadings in the Underlying Lawsuit speak for themselves. Except as expressly admitted, Altera denies the allegations in Paragraph 2 and denies that any dispute exists or that adjudication of Federal's duty to indemnify Altera under the Policies in connection with the Underlying Lawsuit is ripened at this time.

3. Altera asserts that the pleadings in the Underlying Lawsuit speak for themselves. Otherwise, denied.

4. Altera asserts that the pleadings in the Underlying Lawsuit speak for themselves. Otherwise, denied.

5. The allegations in Paragraph 5 purport to characterize the contents of the Primary Policy, which speaks for itself. Altera admits Plaintiff has excerpted part of the Primary Policy in Paragraph 5. Except as expressly admitted, denied.

6. The allegations in Paragraph 6 purport to characterize the contents of the Primary Policy, which speaks for itself. Altera admits Plaintiff has excerpted part of the Primary Policy in Paragraph 6. Except as expressly admitted, denied.

7. The allegations in Paragraph 7 purport to characterize the contents of the Umbrella Policy, which speaks for itself. Altera admits Plaintiff has excerpted part of the Umbrella Policy in Paragraph 7. Except as expressly admitted, denied.

8. Denied.

A. **THE PARTIES**

9. Admitted.

10. Altera denies that it is a Texas limited liability company. Subject to this denial, admitted.

11.     Altera is without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 11.

**B.     JURISDICTION AND VENUE**

12.     Altera is without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 11.

13.     Denied.

14.     Admitted as to Altera. With respect to the other defendant, Altera is without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 14.

15.     Admitted.

16.     Altera lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16.

17.     Altera admits that an actual controversy exists between Altera and Federal regarding Federal's obligation to defend Altera under the Policies in connection with the Underlying Lawsuit.  Except as expressly admitted, Altera denies the allegations in Paragraph 17 and denies that any dispute exists or that adjudication of Federal's duty to indemnify Altera under the Policies in connection with the Underlying Lawsuit is ripened at this time.

18.     Admitted.

**C.     FACTUAL BACKGROUND**

19.     Admitted.

20.     Altera admits that it is an insured under the Primary Policy.

21.     Admitted.

**DEFENDANT ALTERA EAST HOUSTON, LLC'S ANSWER TO**
**FEDERAL INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT          3**

22.     The allegations in Paragraph 22 purport to characterize the contents of the Primary Policy, which speaks for itself. Altera admits Plaintiff has excerpted part of the Primary Policy in Paragraph 22. Except as expressly admitted, denied.

23.     The allegations in Paragraph 23 purport to characterize the contents of the Primary Policy, which speaks for itself. Altera admits Plaintiff has excerpted part of the Primary Policy in Paragraph 23. Except as expressly admitted, denied.

24.     The allegations in Paragraph 24 purport to characterize the contents of Primary Policy, which speaks for itself. Altera admits Plaintiff has excerpted part of the Primary Policy in Paragraph 24. Except as expressly admitted, denied.

25.     The allegations in Paragraph 25 purport to characterize the contents of Primary Policy, which speaks for itself. Altera admits Plaintiff has excerpted part of the Primary Policy in Paragraph 25. Except as expressly admitted, denied.

26.     Altera admits that the Umbrella Policy, as described in Paragraph 26, was issued to Chief Partners, LP.  Except as expressly admitted, denied.

27.      The allegations in Paragraph 27 purport to characterize the contents of the Umbrella Policy, which speaks for itself. Altera admits Plaintiff has excerpted part of the Umbrella Policy in Paragraph 27. Except as expressly admitted, denied.

28.     Altera admits that (1) on October 22, 2022, four claimants in the Underlying Lawsuits filed an original petition in the 333rd Judicial District Court of Harris County, Texas; (2) on January 26, 2023, the four claimants filed a First Amended Petition in the Underlying Lawsuit; (3) additional claimants filed an Original Petition in the 127th Judicial District Court of Harris County, Texas on January 26, 2023; and (4) the petitions were consolidated under Cause No. 2022-68700 in the 127th District Court on February 2, 2023.  Except as expressly admitted, denied.

29.     Altera avers that the allegations in the Underlying Lawsuits speak for themselves. Otherwise, denied.

30.     The allegations in Paragraph 30 purport to characterize the allegations in the Underlying Lawsuit, which speak for themselves. Altera admits Plaintiff has excerpted a portion of the allegations from the Underlying Lawsuit in Paragraph 30. Except as expressly admitted, denied.

31.     The allegations in Paragraph 31 purport to characterize the allegations in the Underlying Lawsuit, which speak for themselves. Altera admits Plaintiff has excerpted a portion of the allegations from the Underlying Lawsuit in Paragraph 31. Except as expressly admitted, denied.

32.     The allegations in Paragraph 32 purport to characterize the allegations in the Underlying Lawsuit, which speak for themselves. Otherwise, denied.

33.     The allegations in Paragraph 33 purport to characterize the allegations in the Underlying Lawsuit, which speak for themselves. Altera admits Plaintiff has excerpted a portion of the allegations from the Underlying Lawsuit in Paragraph 33. Except as expressly admitted, denied.

34.     The allegations in Paragraph 34 purport to characterize the allegations in the Underlying Lawsuit, which speak for themselves. Otherwise, denied.

35.     With respect to the allegations in Paragraph 35, Altera admits that Altera tendered the defense of the Underlying Lawsuit to Federal. Altera admits that Federal agreed to defend under a reservation of rights, but later withdrew its defense. Except as expressly admitted, denied.

36.     Altera lacks sufficient knowledge or information sufficient to form a belief about the veracity of the allegations contained in Paragraph 36.

**D.     COUNT I – DECLARATORY JUDGMENT: There is no coverage for the Underlying Lawsuit under the Primary Policy because the Biological Agents Exclusion bars coverage.**

37.     Altera incorporates by reference all foregoing responses to Federal's allegations.

38.     Denied.

39.     The allegations in Paragraph 39 purport to characterize the contents of the Primary Policy, which speaks for itself. Altera admits Plaintiff has excerpted part of the Primary Policy in Paragraph 39. Except as expressly admitted, denied.

40.     The allegations in Paragraph 40 purport to characterize the allegations in the Underlying Lawsuit, which speak for themselves. Otherwise, denied.

41.     Denied.

**E.     COUNT II – DECLARATORY JUDGMENT: There is no coverage for the Underlying Lawsuit under the Primary Policy because the Total Pollution Exclusion bars coverage.**

42.     Altera incorporates by reference all foregoing responses to Federal's allegations.

43.     The allegations in Paragraph 43 purport to characterize the contents of the Primary Policy, which speaks for itself. Altera admits Plaintiff has excerpted part of the Primary Policy in Paragraph 43. Except as expressly admitted, denied.

44.     Denied.

45.     Denied.

**F.     COUNT III – DECLARATORY JUDGMENT: There is no coverage for the Underlying Lawsuit under the Excess Follow-Form Coverage A Part of the Excess Policy.**

46.     Altera incorporates by reference all foregoing responses to Federal's allegations.

47.     The allegations in Paragraph 47 purport to characterize the contents of the Umbrella Policy, which speaks for itself. Altera admits Plaintiff has excerpted part of the Umbrella Policy in Paragraph 47. Except as expressly admitted, denied.

48.     The allegations in Paragraph 48 purport to characterize the contents of the Umbrella Policy, which speaks for itself. Altera admits Plaintiff has excerpted part of the Umbrella Policy in Paragraph 48. Except as expressly admitted, denied.

49.     Denied.

**G.      COUNT IV – DECLARATORY JUDGMENT: There is no coverage for the Underlying Lawsuit under the Excess Policy because the Biological Agents Exclusion bars coverage.**

50.     Altera incorporates by reference all foregoing responses to Federal's allegations.

51.     The allegations in Paragraph 51 purport to characterize the contents of the Umbrella Policy, which speaks for itself. Altera admits that Plaintiff has excerpted part of the Umbrella Policy in Paragraph 51. Except as expressly admitted, denied.

52.     Denied.

53.     Denied.

**H.      COUNT V – DECLARATORY JUDGMENT: There is no coverage for the Underlying Lawsuit under the Excess Policy's Umbrella Coverage Part B because the Pollution Exclusion bars coverage.**

54.     Altera incorporates by reference all foregoing responses to Federal's allegations.

55.     The allegations in Paragraph 55 purport to characterize the contents of the Umbrella Policy, which speaks for itself. Altera admits Plaintiff has excerpted part of the Umbrella Policy in Paragraph 55. Except as expressly admitted, denied.

56.     Denied.

57.     Denied.

## I.        PRAYER

58.        No response is required to Federal's prayer for relief. However, to the extent a response is required, Altera denies that Plaintiff is entitled to any of the relief requested or judgment against Altera in this lawsuit, including without limitation, any of the alleged declarations described in the prayer of Plaintiff's Complaint.

59.        All allegations in Plaintiff's Complaint not specifically admitted are specifically denied.

## II.        AFFIRMATIVE DEFENSES

60.        Plaintiff's Complaint fails to state a claim against Altera upon which relief can be granted.

61.        Plaintiff's claim for declaratory relief as to its duty to indemnify Altera under the Policies in connection with the Underlying Lawsuit is premature and not ripe.

62.        Altera reserves the right to assert additional affirmative defenses that become available or apparent as the litigation proceeds.

## III.        ALTERA'S ORIGINAL COUNTERCLAIM

63.        Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counter-Plaintiff Altera East Houston, LLC ("Counter-Plaintiff" or "Altera") hereby files the following Counterclaim against Plaintiff and Counter-Defendant Federal Insurance Company ("Counter-Defendant" or "Federal") as follows:

## A.        PARTIES

64.        Altera East Houston, LLC is a limited liability company organized and existing under the laws of Delaware. Its sole member is Altera VTR Holdco Borrower, LLC, a limited

liability company domiciled in Dallas, Texas.  None of the direct or indirect members of Altera VTR Holdco Borrower, LLC is a citizen of Indiana or New Jersey.

65.     Counter-Defendant Federal Insurance Company is an insurance company licensed and doing business in the state of Texas. Federal is a corporation organized and existing under the laws of Indiana, with its principal place of business in Whitehouse Station, New Jersey.

**B.     JURISDICTION & VENUE**

66.      This Court has jurisdiction under 28 U.S.C. § 1332(a) because (1) Counter-Plaintiff is not a citizen of any state for which Counter-Defendant is a citizen; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

67.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) & (2) because (1) Federal is resident and subject to personal jurisdiction in this district; and (2) a substantial part of the events or omissions giving rise to the claims asserted herein took place within this district.

**C.     FEDERAL HAS A DUTY TO DEFEND THE UNDERLYING LAWSUIT**

**1.     The Primary Policy Requires Federal To Defend Suits Alleging Bodily Injury Or Property Damage.**

68.     Federal issued Commercial General Liability Policy No. 3607-26-62DAL (the "Primary Policy") to Chief Partners, LP for the period from December 31, 2021 to December 31, 2022.

69.     Altera is insured under the Primary Policy.

70.     The Primary Policy promises that Federal will pay "damages that the insured becomes legally obligated to pay by reason of liability . . . for bodily injury or property damage caused by an occurrence to which this coverage applies."

71.     The Primary Policy also provides that Federal "will have the right and duty to defend the insured against a suit, even if such suit is false, fraudulent or groundless."

72.     For purposes of this coverage, "bodily injury" is defined as "physical injury; sickness; or disease; sustained by a person, including resulting death, humiliation, mental anguish, mental injury or shock at any time. All such loss shall be deemed to occur at the time of the physical injury, sickness or disease that caused it."

73.     "Property damage" is defined, in relevant part, as (1) "physical injury to tangible property, including resulting loss of use of that property"; and (2) "loss of use of tangible property that is not physically injured."

74.     A "suit" means, in relevant part, "a civil proceeding in which damages, to which this insurance applies, are sought."

75.     Accordingly, Federal has a duty to defend a civil proceeding alleging either (1) physical sickness or disease; or (2) physical injury or loss of use of tangible property.

**2.      The Underlying Lawsuit Is A Suit Alleging Bodily Injury & Property Damage.**

76.     On October 20, 2022, four claimants filed a petition against Altera in the underlying lawsuit styled *M.A., et al. v. Maintenance of Houston, Inc., et al.*, Cause No. 2022-68700, in the 333rd Judicial District Court of Harris County, Texas.   Since then, this lawsuit has been consolidated with another petition filed by other claimants on January 23, 2023, as Cause No. 2022-68700, in the 127th Judicial District Court of Harris County, Texas (the "Underlying Lawsuit").

77.     Plaintiffs' First Amended Petition in the Underlying Lawsuit contains the following relevant allegations against Altera:

- In or around the end of August 2022, there were several instances where Plaintiffs noticed issues with the bottled water in their office space either smelling foul or tasting foul. As a result, some Plaintiffs began to bring their own bottled water to work, and at the end of the day, they would leave those bottles on their desks if they still contained water. Plaintiffs then found the bottles left on their desks to smell and taste foul. M.A. also found the water from the bottles on her desk to be

of a foul smell, and on one occasion she and a co-worker agreed it smelled like urine. To be sure, M.A. tested the water, and it came back positive as urine.  Ptfs. First Am. Pet., at ¶ 20.

- In an effort to determine the source, M.A. purchased a hidden camera on Amazon and placed it on her desk. The first recording was on Monday, September 26, 2022. When M.A.'s phone notified her that there was motion on the camera, what she would witness moments later was far worse than anyone could imagine. The video clearly showed the nighttime janitor, Lucio Diaz, approach M.A.'s desk as if to clean, set the cleaning rag and cleaning bottle on the desk, unzip his pants, pull out his penis, grab the water bottle sitting on the desk, unscrew the cap, and begin to insert his penis into the water bottle (turning it upwards to ensure the water in the bottle touched his penis), and rub his penis on the mouth of the bottle. He then put the cap back on the bottle, set it back where he found it, zipped up his pants, grabbled the cleaning bottle and rag, and continued to "clean" the desk.  Ptfs. First Am. Pet., at ¶ 21.

- The consequences of these Defendants' failures are immense—Plaintiffs herein, after having come in contact with Lucio Diaz's urine and other bodily fluids, have now tested positive for incurable sexually transmitted diseases that will forever affect their lives. Ptfs. First Am. Pet., at ¶ 27.

- At all times material hereto, Plaintiffs were business invitees at the property located at 1140 Westmont, Houston, Texas 77015; therefore, all Defendants were under a duty to act with reasonable care in accordance with the standard of care afforded a business invitee.  Ptfs. First Am. Pet., at ¶ 28.

- At all times mentioned herein, Defendant Altera owned, controlled and/or managed the property in question located at 1140 Westmont, Houston, Texas 77015. Defendant Altera had such control over the premises in question that Defendant Altera owed certain duties to Plaintiffs, the breach of which proximately caused the injuries set forth herein. At all times material hereto, Plaintiffs were invitees on the premises owned by Defendant Altera when Plaintiffs were injured as a result of the acts and omissions of Defendant Altera.  Ptfs. First Am. Pet., at ¶ 45.

- Defendant Altera was at all times the owner and/or possessor of the property, and the property was under its control. Defendant Altera was responsible for contracting with Defendants MOH and/or J.A.M. and ensuring a safe premises. As a result of Defendant Alteras' negligence, Plaintiffs were seriously and permanently injured. Defendant Altera is liable to Plaintiffs for the physical and mental harm caused by the dangerous condition on Defendants Alteras' premises. Ptfs. First Am. Pet., at ¶ 46.

- As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts and omissions as described herein, Plaintiffs were caused to suffer and endure anxiety, pain, illness, and an incurable disease resulting in damages more fully set forth below …. Ptfs. First Am. Pet., at ¶ 52.

78.     As evidenced by the foregoing allegations, the Underlying Lawsuit is a suit seeking damages because of "bodily injury" and/or "property damage" as those terms are defined and used in the Primary Policy.

79.     Altera provided timely notice of the Underlying Lawsuit to Federal under the Primary Policy and has satisfied all other conditions precedent to coverage (the "Claim").

80.     Federal initially acknowledged its duty to defend the Underlying Lawsuit, subject to a reservation of rights.  Federal retained defense counsel on behalf of Altera and has defended the Underlying Lawsuit for more than a year.

81.     Then in December 2023, Federal wrongfully refused coverage under the Policies for the Underlying Lawsuit and withdrew its defense of Altera under the Primary Policy.

82.     Without assuming any burden of proof as to any exclusion or limitation on coverage under the Primary Policy, Federal has failed to show that the "Biological Agents" exclusion relieves Federal of its duty to defend the Underlying Lawsuit.

83.     The Primary Policy's "Biological Agents" exclusion states that "[t]his insurance does not apply to any damages, loss, cost or expense arising out of the actual, alleged or threatened contaminative, pathogenic, toxic or other hazardous properties of biological agents."  For purposes of this provision "biological agents" means any "(A)(1) bacteria; (2) mildew, mold or other fungi; (3) other microorganisms; or (4) mycotoxins, spores or other by-products of any of the foregoing; (B) viruses or other pathogens (whether or not a microorganism); or (C) colony or group of any of the foregoing."  Contrary to Federal's Complaint, the allegations in the Underlying Lawsuit do not allege that the uncurable disease complained of by the underlying plaintiffs was the result of "biological agents," including any bacteria, virus or other pathogen.  Instead, the Underlying Lawsuit alleges contact with "urine and other bodily fluids."  Ptfs. First Am. Pet., at ¶ 27.

84.     Without assuming any burden of proof as to any exclusion or limitation on coverage under the Primary Policy, Federal has also failed to show that the "Pollution" exclusion relieves Federal of its duty to defend the Underlying Lawsuit.

85.     The Primary Policy's "Pollution" exclusion states that "[t]his insurance does not apply to bodily injury, property damage, advertising injury or personal injury arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants."   For purposes of this exclusion, "pollutants" means "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."   Federal has not and cannot establish that the "urine and other bodily fluids" that allegedly sickened the underlying plaintiffs and/or damaged underlying plaintiffs' property qualifies as a "pollutant" for purposes of the Primary Policy's "Pollution" exclusion.

86.     As a result of Federal's wrongful decision to deny coverage and withdraw its defense of Altera in the Underlying Lawsuit, Altera has been compelled to retain its own counsel to defend the Underlying Lawsuit at significant expense.   Federal's breach of its duty to defend has caused Altera substantial damages.

## D.     CAUSES OF ACTION

### 1.     Breach of Contract

87.     The foregoing allegations are incorporated herein by reference.

88.     The Primary Policy is a valid and enforceable contract.

89.     Altera is an insured under the Primary Policy and has standing to assert claims under the Primary Policy.

90.     Altera has satisfied all conditions precedent to coverage under the Primary Policy.

91.     The terms of the Primary Policy and the allegations in the Underlying Lawsuit unambiguously require Federal to defend Altera under the Primary Policy in connection with the Underlying Lawsuits.

92.     Alternatively, the terms of the Primary Policy and/or the allegations in the Underlying Lawsuit are ambiguous and should therefore be construed in favor of coverage under Texas law.

93.     Federal has breached the Primary Policy by failing to defend Altera under the Primary Policy in connection with the Underlying Lawsuit.

94.     Federal's breach of the Primary Policy has caused Altera substantial damages.

**2.      Violation of Chapter 542 of the Texas Insurance Code**

95.     The foregoing paragraphs are incorporated herein by reference

96.     Altera has made a Claim under the Primary Policy for defense costs incurred in connection with the Underlying Lawsuit and has satisfied all conditions under the Primary Policy.

97.     Federal has engaged in conduct that constitutes violations of Chapter 542 of the Texas Insurance Code by denying its duty to defend the Underlying Lawsuit under the Primary Policy.

98.     Consequently, Altera is entitled to the damages set forth in § 542.060 of the Texas Insurance Code including, in addition to the amount of its unpaid defense costs, interest at the rate of eighteen percent (18%) per annum as well as any and all other relief provided therein.

**3.      Declaratory Judgment**

99.     The foregoing allegations are incorporated herein by reference.

100.    An actual, justiciable controversy exists between Altera and Federal regarding Federal's ongoing obligation to defend Altera in connection with the Underlying Lawsuit under the Primary Policy.

101.    Pursuant to 28 U.S.C. §2201, Altera seeks a declaration that Federal has an ongoing obligation to defend Altera in connection with the Underlying Lawsuit under the Primary Policy.

**4.     Attorneys' Fees**

102.    The foregoing allegations are incorporated herein by reference.

103.    Due to the actions of Counter-Altera Federal, Counter-Plaintiff has been required to retain the services of the law firm of Haynes and Boone, LLP. Counter-Plaintiff has agreed to pay those firms a reasonable fee for their services necessarily rendered, and to be rendered, in this action.

104.    Pursuant to Section 38.001 of the Texas Civil Practice & Remedies Code and Chapter 542 of the Texas Insurance Code, Altera is entitled to an award of its reasonable attorneys' fees against Federal in an amount to be established at trial.

**D.     PRAYER**

WHEREFORE, Counter-Plaintiff Altera East Houston, LLC respectfully requests that this Court grant Altera the following relief:

(1)     Judgment awarding Altera all damages it has suffered as a result of Federal's breach of the Primary Policy;

(2)     Judgment awarding Altera all damages sustained as a result of Federal's violations of Chapter 542 of the Texas Insurance Code;

(3)     A declaration that Federal has an ongoing obligation to defend Altera in the Underlying Lawsuit under the Primary Policy;

(4)     Judgment awarding Altera all reasonable and necessary attorneys' fees and expenses incurred in this matter under Chapter 38 of the Texas Civil Practices & Remedies Code and/or Chapter 542 of the Texas Insurance Code;

(5)     Judgment awarding Altera pre-judgment and post-judgment interest in the amount allowed by law;

(6)     Judgment awarding Altera all costs of court; and

(7)     Such other and further relief to which Altera may be justly entitled.

Dated:          January 11, 2024                    Respectfully submitted,


                                                    */s/ Micah Skidmore*                         _____
                                                    Micah Skidmore
                                                    Texas Bar No. 24046856
                                                    micah.skidmore@haynesboone.com
                                                    **HAYNES AND BOONE, LLP**
                                                    2801 N Harwood Street, Suite 2300
                                                    Dallas, Texas 75201
                                                    Telephone:     (214) 651-5654
                                                    Telecopier:    (214) 200-0659

                                                    **ATTORNEY FOR ALTERA EAST HOUSTON, LLC**


## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January 2024, a copy of the foregoing instrument was electronically filed and served on all known counsel of record pursuant to the Federal Rules of Civil Procedure.


                                                    */s/ Micah Skidmore*
                                                    Micah Skidmore